UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILL E. WILLIAMS,

           Plaintiff,              CASE NO. 11-10963

       v.                    HON. GEORGE CARAM STEEH

AMERICAN WESTERN HOME
INSURANCE COMPANY,

           Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#23]

Presently before the court is plaintiff's motion for reconsideration of this court's order granting summary judgment in favor of defendant, American Western Home Insurance Company (American Western). See Dkt. No. 21. The court found that several material misrepresentations made in the application for a commercial fire insurance policy permitted American Western to rescind the subject policy and deny the plaintiff's claim for loss after a fire on October 3, 2009, at plaintiff's bar, J.T.'s Bar & Grill. Specifically, when the application for insurance was submitted to American Western, there was an uncorrected fire code violation reflecting a compliance date of March 31, 2009, among other misrepresentations.

Local Rule 7.1(g)(3) of the Local Rules of the Untied States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3).  Without citing to any authority, plaintiff argues that the issue of the fire code violation requires a finding that there was a valid violation of the fire code. Such an argument is unavailing as Andy Roe, underwriter for American Western, indicated that the uncorrected fire code violation was material to the risk and underwriting decision to accept the risk and issue the subject policy.  He further averred that if he had known of the outstanding, uncorrected fire code violation he would not have accepted the application for insurance.   Recision is justified without regard to the intentional nature of the misrepresentation, "as long as it is relied upon by the insurer."  Lakes States Ins. Co. v. Wilson, 231 Mich. App. 327, 331; 586 N.W. 2d 113 (1998).  "Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility."  Id.

To the extent plaintiff relies on Federal Rule of Civil Procedure 60(b)(6) in support of his motion to reconsider, he is not entitled to relief under this rule which allows a party relief from judgment, order or other proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  The Sixth Circuit Court of Appeals has held that "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgment and termination of litigation," and "[a]ccordingly the party seeking relief under Rule 60(b) bears the burden of establishing grounds for such relief by clear and convincing evidence."  InfoHold, Inc. v. Sound Merchandising, Inc., 538 F.3d 448, 454 (6th Cir. 2008).  Further, Rule 60(b)(6) "provides relief only in exceptional and extraordinary circumstances, which are defined as those unusual and extreme situations where principles of equity mandate relief."  Export-Import Bank of the United States v. Advanced Polymer Scis., Inc., 604 F.3d 242, 247 (6th Cir. 2010) (internal quotations omitted).

- 2 -

Plaintiff has failed to demonstrate a palpable defect by which this court has been misled, the correction of which will result in a different disposition of this case.  Nor has plaintiff established through clear and convincing evidence that extraordinary circumstances justify relief from this court's order granting summary judgment in favor of American Western.  Plaintiff merely reraises the same arguments already considered and rejected by the court.

Accordingly,

Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

Dated:  June 7, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 7, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk